## MARY C. WOOD v. GEORGE W. VERNON, et al.

*Married Women—Libel—Pleading—Construction of Statutes.*

The Act of April 16, 1885, empowering a married woman, living separate from and not supported by her husband, to sue in her own name " for the redress of her personal wrongs," is not retrospective, and such married woman cannot maintain an action for libel published prior to the passage of said Act.

The said Act does not empower such married woman to maintain an action against third parties for a libel published at the instigation of her husband.

Upon demurrer to a plea, the defect in the plea will be held immaterial where it appears from the whole case that the plaintiff cannot maintain the action.

(*New Castle, December 10, 1887.*)

ACTION for libel. Demurrer.

To the plaintiff's declaration the defendants filed the following pleas:

1. Not guilty.

2. Actio non because the defendants say that the matters charged as libelous in said declaration are true, and that the same were published properly for public information, and with no malicious or mischievous motives, within the meaning of the Act of the General Assembly of the State of Delaware in that behalf passed at Dover, March 4, 1857; and this the defendants are ready to verify, etc.

3. Actio non because the defendants say that the matters charged as libelous in said declaration were furnished for publication to said defendants by John T. Wood, husband of said plaintiff, and that the same were published properly for public information and with no malicious or mischievous motives, within the meaning of the Act of the General Assembly of the State of Delaware in that behalf passed at Dover, March 4, 1857, and this the defendants are ready to verify, etc.

The plaintiff filed the following demurrer and replication.

And the said plaintiff by Tilghman Johnston and Walter H.

Hayes her attorneys as to the plea of not guilty by the said defendants, first above pleaded, saith replication and issue.

And the said plaintiff, by her said attorneys, as to the plea of the defendants, secondly above pleaded, saith that the said plea is not sufficient in law and the plaintiff shows to the Court here the following causes of demurrer to the said plea, to wit, that the said plea does not contain or show any particular ground or matter of justification, nor any particular matter of defence to the said plaintiff's cause of action; and that said plea is in other respects uncertain, informal and insufficient, etc.

And the said plaintiff, by her said attorneys, as to the plea, thirdly, above pleaded by said defendants, saith that said plea is insufficient in law; and the said plaintiff shows to the Court here the following grounds of demurrer to wit, that the said plea in averring that the matter, charged, in the declaration in this cause, as libelous, was furnished to said defendants by John T. Wood [who is alleged in said plea to be the husband of said plaintiff], for publication, raises an irrelevant issue in this action, in that it alleges as a matter of defence, that the defendants published said libel on the information of the said John T. Wood, whereas the offence charged in the declaration in this cause, is the publication of said libel by the said defendants; that said plea is double and alleges two distinct matters of fact, to wit, [1] that said matter charged as libelous, in said declaration, was published on the information of one John T. Wood, [2] that the said matter charged as libelous in said declaration, was published properly for public information without malice; that said plea alleges that said matters, charged as libelous, in said declaration, were published properly for public information, and with no malicious or mischievous motives, within the meaning of the Act of the General Assembly of the State of Delaware, passed at Dover, March 4, 1857, and does not allege that said matters were true, also that said plea is in other respects uncertain, insufficient and informal, etc.

4

*Tilghman Johnston.* and *Walter H. Hayes,* for the plaintiff:

The second plea of the defendant's is bad, the rule of law in relation to the sufficiency of a plea of justification is well settled, both in the jurisprudence of this country and England. The rule being, that in an action of libel, if the defendant means to justify the publication of the alleged libellous matter on the ground that it is true, he must plead this defence specially, stating the particular facts which evince the truth of the imputation, in order that the Court may judge whether the facts warrant the charge, and that the plaintiff may be informed of precisely what charges he will have to meet; and the plea must confess and avoid the publication or it will be bad on demurrer.

1 *Chitty's Pl.,* * 492; 1 *Chitty's Pl.,* 16th Am. Ed., 522; 1 *Starkie Slander & Libel,* 464, 466, 475, 476–478 ; *Odgers Slander & Libel,* 177, 85–485, 486 ; *Townsend Slander & Libel,* Sec. 357 ; 2 Green. Ev., 425 ; *Underwood v. Parke,* 2 Strange, 1200 ; *Croft v. Boite,* 1 Saund., 244 n. 6 ; *Holmes v. Catesby,* 1 Taunton, 543 ; *J'Anson v. Stewart,* 1 Term R., 748 [S. C., 2 Smith's Lead. Cas., 986 ;] *Neuman v. Bailey,* 2 Chitty, 665 [18 E. C. L.]; *Jones v. Stevens,* 11 Price [Excheq.], 235 ; *Hickenbotham v. Leach,* 10 Mees. & W., 362 ; *O'Brien v. Clements,* 16 Mees. & W., 159 [165]; *Leyman v. Latimer,* 3 L. R. Ex. Div. 353 [358] ; and the notes to *J'Anson v. Stewart Smith's Lead. Cas.,* 8th Ed.

The rule is the same in this country.

\**Torrey v. Fields,* 10 Vermont, 353 [407–408] ; \* *Van Ness v. Hamilton,* 19 Johnson, 349 [368] ; *Fiddler v. Delevan,* 20 Wend., 57 ; *Bissell v. Cornell,* 24 Wend., 354; \**Tilson v. Clark,* 45 Barb., 170 ; \* *Wachter v. Quenzer,* 29 N. Y., 547 [552] ; *Ames v. Hazzard,* 8 R. I., 143 [146] ; \* *Van Derveer v. Sutphen,* 5 Ohio St., 293 [298] ; \**Johnston v. Stebbins,* 5 Ind., 364 [367] ; \**De Armond v. Armstrong,* 37 Ind., 35 [44–55 and 56] ; \**Sweeny v. Baker,* 13 West Va., 158 [166, 202, 203, 205, 207, 208, 209, 211]; \**Burrows v. Carpenter,* 1 Cliff. Cir. Ct., 204 [206–207] ; *Clark v.*

*Tribune Ass.,* 5 Blatch. Cir. Ct., 352; *Waggstaff v. Ashton,* 1 Harr., 503 [506]; *Parke v. Blackiston,* 3 Harr., 373 [375–378].

The Act of Assembly of 1857, Rev. Code, 654, does not purport to change this established rule of pleading, but only permits certain evidence to be given under proper pleas framed according to the common law rules.

*Sweeney v. Baker,* 13 West Va., 208–209; *DeArmond v. Armstrong,* 37 Ind., 55; *Tilson v. Clarke,* 45 Barb., 180; *Wachter v. Quenzer,* 29 N. Y., 552.

The said second plea of the defendant's does not allege any fact or facts from which it appears that they published said matters properly, or that the public ought to be informed thereof, failing to do which it is insufficient.

*Sweeney v. Baker, supra,* 211; *Hotchkiss v. Oliphant,* 2 Hill, 510; *Perret v. N. O. Times Newspaper,* 25 La. Ann., 170 [178].

II. Demurrer to the third plea.

The exploded doctrine that, in an action of slander, the repetition of slander, if the name of the inventor be given at the time, is a complete bar to the plaintiff's claim, was never extended to libel; for it is well settled that it is no justification in an action for libel, that the libellous matter was previously published by a third person, and that the defendant, at the time of his publication, disclosed the name of that person repeated his exact words, and believed all the statements contained in the libel to be true.

1 *Chitty's Pleading,* *495; *Odgers Slander & Libel,* 161, 162, 163–327; *Townsend Slander & Libel,* Sec. 210 [2d Ed.]; *McGregor v. Thwaites,* 3 B. & C., 24 [10 E. C. L.]; *DeCrespingy v. Wellesby,* 5 Bing., 392 [15 E. C. L.]; *Ward v. Weeks,* 7 Bing., 211 [20 E. C. L.]; *MacPherson v. Daniels,* 10 B. & C., 263 [21 E. C. L.]; *Tidman v. Ainsle,* 10 Exch., *63 and note; *Delegal v. Highley,* 3 Bing. N. C., 950 [32 E. C. L., 403]; *Larkin v. Tartar,* 3 Sneed, Tenn., 681; *Runkle v. Meyers,* 3 Yeates, Pa., 518; *Dole v. Lyon,* 10 Johns., 447 [449, 450]; *Inman v. Foster,* 8 *Wend., 602 [608]; *Hotchkiss v. Oliphant,* 2 Hill N. Y., 510 [512, 513–

514]; *Kennedy v. McLoughlin, 5 Gray [Mass.], 3; *Sans v. Joeriss, 14 Wisc., 663 [666, 667, 668–669]; *Perret v. N. O. Times Co., 25 La. Ann., 170 [173, 174, 176]; *Tatlow v. Jaquette, 1 Harr., 333, 334; 1 American Leading Cases [5th Ed.], 239, 240.

The said plea is double; for it alleges that, [1] " the matters " charged as libelous in said declaration were furnished for publica- " tion to said defendants by, John T. Wood, the husband of said " plaintiff." [2] " And that the same were published properly, for " public information, and with no malicious or mischievous " motives," &c.

The said plea is further objectionable, for that thereby the de- fendants seek to excuse the publication, by virtue of the provisions of the Act of 1857, [which only permits the truth to be given in evidence under proper pleas] on the ground that the matters pub- lished by them were communicated to them by a third person; there is no allegation, in said plea, that the said matters are true.

Sweeney v. Baker supra, 211; Perret v. N. O. Times Co., 25 La. Ann., 178.

It appears in and by the said third plea of the defendants, that there is no competent testimony to prove the facts alleged therein. The defendants say that the husband of said plaintiff communicated the matters puplished to them; how can they prove this? The husband is an incompetent witness for them.

Valentine et ux. v. Tantum, Nov. Term, 1885.

If the husband can not testify and state what he communicated to the defendants, then no one else can testify to it, as their evidence is open to the double objection that it is [1] hearsay: [2] sought to prove a statement of the husband for or against his wife.

1 Green, Ev., Secs. 334, 341–337.

Any publication, which tends to disgrace a man or bring him into contempt or ridicule is a libel.

Rice v. Simmons, 2 Harr., 417; Layton v. Harris, 3 Harr., 407.

It appearing from the declaration that the plaintiff is a mar-

ried woman, living separate and apart from her husband, she is entitled to maintain this action in her own name.

*Delaware Laws*, Vol. 14, Chap. 80; *Delaware Laws*, Vol 17, Chap. 611; *Moore v. Stephenson*, 27 Conn., 14 [25]; *Harris v. Webster*, 58 N. H., 481; *Ramsden v. Breasley*, L. R. 10 Q. B. 147.

It will not be contended that the Act of 1885 is an *ex post facto* law, as it is not, [I] a law that makes an action done before the legislature enacted it, and which was innocent when done, criminal and punishes such action [II]. It is not a law that aggravates a crime, or makes it of a greater degree than when committed; [III] It does not change the punishment of, or inflict a greater punishment on a criminal act than the law annexed to it at the time when it was committed. [IV] It does not alter the legal rules of evidence, nor does it authorize reception of less or different testimony than was required by law at the time of its enactment.

The expression *ex post facto* law is technical, and relates only to penal and criminal proceedings, which impose punishments or forfeitures, and not to civil proceedings which affect private rights respectively.

1 *Kent's Commentaries*, *409; *Cooley's Const. Lim.*, 264; *Calder v. Bull*, 3 Dallas, 390; 1 *Blackstone's Commentaries*, *46 ; *Cook v. Gray*, 2 Houston, 474.

The act is not retrospective, for it does not affect the right of the action, but only operates on the remedy, the plaintiff had a remedy before the passage of the act by joining with her husband, the defendant's were and still are liable to indictment.

*Bailey v. Railroad Co.*, 4 Harr., 389 [411–412].

But the defendants, with all their rights to protection, have no vested right in what is in the law known as remedies, nor in any particular remedy.

*Cook v. Gray, supra*, 470; *Potter's Dwarris on Statute*, 471–478; *Cooley's Const. Limitation*, 358.

There is no such thing as a vested right to do wrong; and the legislature, which in its acts, not expressly authorized by the Con-

stitution, limits itself to correcting mistakes, and to providing remedies for the furtherance of justice, cannot be charged with violating its duty or exceeding its authority.

*Foster v. Essex Bank*, 16 Mass., 225 ; *Rich v. Flanders*, 39 N. H., 325; *Freeborn v. Smith*, 2 Wall., 160; *Hepburn v. Curtis*, 7 Watts., 300; *Shenly v. Commonwealth*, 36 Pa. St., 57.

It is a general rule, that a state has complete control over the remedies which it offers to suitors in its Courts. It may give a new and additional remedy for a right already in existence.

*Cooley supra*, *361 ; *Bishop v. Wilds, Adm'r*, 1 Harr., 87 [102]; *Bailey v. Railroad Co.*, 4 Harr., *supra.*, 404, 406, 411–1; *Cook v. Gray*, 2 Houston, *supra*, 470, 474–476.

The remedy is perfectly under the control of the legislature, the right of action is not.

As a general rule, statutes which prohibit or take away defenses, not appertaining to the merits, but which arise through some technical or other rule of law, are not unconstitutional, and do not impair vested rights.

*Lewis v. McElwain*, 16 Ohio, 347 ; *State v. Newark*, 3 Dutch., 186 ; *Gibson v. Hibbard*, 13 Mich., 215 ; *Hitch v. Flanders*, 39 N. H., *supra*; *Simpson v. Bank*, 56 N. H., 466 ; *Elliott v. Elliott*, 38 Md., 357; *Grover v. Pembroke*, 11 Allen, 90 ; *Freeland v. Hastings*, 10 Allen, 570.

On the principle already stated, that the remedy may be altered or modified, laws regulating procedure, as those relating to parties, places, manner of beginning actions, the time to plead, etc., are valid when they have a retrospective operation.

*Reed v. Frankfort Bank*, 23 Maine, 318 ; *Hinckle v. Hiffert*, 6 Pa. St., 196 ; *Hepburn v. Curtis*, 7 Watts, 300 ; *Van Renssellaer v. Hays*, 19 N. Y., 68.

*Charles B. Lore* and *Harry Emmons*, for defendants :

*To Second Plea.*

Where the charge is specific there the answer or plea need only allege that the charge is true.

1 Rolle Abr., 87; *Fitch v. Lemon*, 28 Np. Can. Q. B. Ry., 273; 1 *Stark on Slander*, 478; *Sternman v. Clark*, 10 Abb. Pr. R., 132; *Van Wyck v. Guthrie*, 4 Duer., 268; *Townsherd on Slander*, Sec. 356; *Rev. Code*, 654.

The charges on the alleged libel as set forth in the plaintiff's declaration specify the particular facts, so that the plaintiff is fully advised of what she will be called upon to meet at the trial of cause, and is within this rule.

*Demurrer to Third Plea.*

The declaration avers that the plaintiff is a married woman living separate and apart from her husband; that the alleged libel was published on the 23d day of February, 1885.

The Act of the General Assembly empowering a married woman to bring suit of this kind, was passed on the 16th day of April, 1885, after the alleged offence was committed.

*Del. Laws*, Vol. 14, Ch. 80, passed March 23, 1871. *Del. Laws*, Vol. 17, Ch. 611, passed April 16, 1885.

The defendant's third plea avers that the alleged libel was published at the instance of the plaintiff's husband. The truth of this allegation is admitted by the demurrer.

At the time of the publication of the alleged libel there was no *right* of action. The wife could not sue alone, the statute had not then been enacted. The husband and wife could not join for the recovery of damages for an injury occasioned by him.

*Tibbs et. Uxor v. Brown et. Uxor.*, 2 Grant's Cases, Penna. Supreme Court, 39; *Townsherd on Slander, &c.*, 548, Sec. 300.

The act of April 16, 1885 is not retrospective in terms, nor is it by implication.

It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively.

*Cooley Const. Lim.* (Second Ed.) *370; *Dash v. VanKleek*, 7

Johns., 477; *Norris v. Beyed,* 13 N. Y., 273; *Plumb v. Sawyer,* 21 Conn., 351; *Whitman v. Hapgood,* 13 Mass., 464; *Medford v. Learned,* 16 Mass., 215; *Ray v. Gage,* 36 Barb., 447; *Watkins v. Harghe,* 18 Johns., 138; *Garrett v. Beaumont,* 24 Miss., 377; *Briggs v. Hubbard,* 19 St., 86; *Perkins v. Perkins,* 7 Conn., 558; *Hastings v. Love,* 3 Shep., 134; *Guard v. Rowan,* 2 Scam., 499; *Sayre v. Wisner,* 8 Wend., 661; *Qnackenbos v. Dunks,* 1 Denio., 128; *Garrett v. Doe,* 1 Scam., 335; *Thompson v. Alexander,* 11 Ills., 54; *State v. Barbee,* 3 Ind., 258; *Allbyer v. State,* 10 Ohio, N. S., 588; *State v. Atwood,* 11 Wis., 422; *Barduff v. Remy,* 15 Iowa, 257; *Syson v. School Directors,* 51 Pa. St., 9; *Alkma v. Dunlap,* 50 Me., 111; *Exparte Graham,* 13 Rich., 277; *Hubbard v. Brainard,* 35 Conn., 576; *Conway v. Cables,* 37 Ills., 82; *Clark v. Baltimore,* 29 Md., 277; *Williams v. Johnson,* 30 Md., 500; *State v. Andenson,* 41 Mo., 25.

Even if the Act of Assembly of April 16, 1885, was retrospective in terms. The legislature could not constitutionally *create* such a cause of action, or enlarge such right of action.

*Barley v. P. W. B. R. R. Co.,* 4 Har., 389; [L. 411] Judge.

The Act of April 16, 1885, does not enlarge the wife's right of action retrospecting, and does not enable her to bring suit, where neither her husband alone, nor husband and wife jointly could sue before. This involves, not the remedy alone, but the right of action as well.

1877, *Abbott v. Abbott,* 67 Me., 304; *Libby v. Berry,* 74 Me., 286; *Ibid,* 43 American Repts.

It is therefore manifest, that the plaintiff cannot maintain this action for the offence committed before the passage of the Act of April 16, 1885.

HOUSTON, J. According to the act of March 4, 1857, (Rev. Code, 654,) on the trial of an indictment for libel, the truth of the matter charged or alleged in it as libellous may be given in evidence; and if the jury in any such case shall find that the act was induced by good motives, and with no malicious intent, and the

matter so charged is true, it shall operate to the acquittal of defendant or defendants. Section 2. That in actions for damages for libel, where the truth is pleaded and given in evidence, if it be found that the same was written or published properly for public information, and with no malicious or mischevious motives, the jury may find for the defendant or defendants.

The second plea to the declaration is that the matters charged as libellous in it are true, and that the same were published properly for public information, and with no malicious or mischevious motive, within the meaning of said statute, and which is a plea of justification of it upon those grounds; and to this plea the plaintiff demurs generally, and assigns the following causes of demurrer: That the plea does not contain or show any particular ground or matter of justification, nor any particular matter of defense to the plaintiff's cause of action, and is in other respects uncertain, informal, and insufficient.

The third plea to the declaration is that the matters charged as libellous in it were furnished for publication to the defendants by John T. Wood, the husband to the plaintiff, and that the same were published properly for public information, and with no malicious or mischevious motives, within the meaning of the said act of assembly. To this plea the plaintiff also demurs generally, and assigns the following causes of demurrer, to wit: That the said plea averring that the matter charged in the declaration as libellous was furnished to said defendants by John T. Wood, who is alleged in said plea to be the husband of the plaintiff, for publication, raises an irrelevant issue in this action, in that it alleges as a matter of defense that the defendants published the said libel on the information of the said John T. Wood, whereas the offense charged in the declaration is the publication of said libel by the defendants; that the said plea is double, and alleges two distinct matters of fact, to wit: (1) That it was published on the information of one John T. Wood; and (2) that it was published properly for public information, without malice. And that said plea alleges that the

said matters charged as libellous in said declaration were published properly for public information, and with no malicious or mischevious motives, within the meaning of the said act of assembly, and does not allege that said matters were true, and that the said plea is in other respects uncertain, insufficient and informal.

The defendants have joined in the demurrers, and in the argument of them have raised the question whether the plaintiff is entitled to an action for the libel alleged in the declaration against the defendants in this case, as it appears on the record before us, and deny that the plaintiff is so entitled, on two grounds : *First*, because the alleged libel was published on the 23d day of February, in the year of our Lord, 1885, but that the said act of assembly,* empowering any married woman, living separate and apart from her husband, as provided for in it, to bring a suit of this kind, was passed on the 16th day of April in that year, after· the alleged libel had been published ; and, *secondly*, because the defendants' third plea was that the alleged libel was published by them at the instance of the husband of the plaintiff, the truth of which averment is, of course, admitted by her demurrer to the plea.    And, if either of these

---

*Chap. 80, Vol. 14, *Laws of Del.*, as amended by Chap. 611, Vol. 17, *Laws of Del.*, passed April 16, 1885.

An Act to secure to married women certain of their own earnings.    Sec. 1. That money or other property held or acquired by a married woman, living separate from and not supported by her husband, and which has been kept separate from and can be distinguished from the money or property of the husband, shall not be deemed his property or taken for his debts, so long as they shall live separate and he fail to support her in whole or in part ; but such property may be taken for debts and liabilities contracted or incurred by such married woman whilst so living apart from her husband, and for the recovery thereof she may, whilst her separation continues, be sued as a single woman, and may sue in her own name, and for her own use for debts contracted and liabilities incurred to her, [or for the redress of her personal wrongs, torts, or private injuries.] For her indebtedness and liabilities contracted or incurred whilst living separate from him without his default he shall not be liable, otherwise he shal be responsible for them to the same extent that he is now responsible by law.    In case they again cohabit, he shall be responsible for all her debts and liabilities contracted or incurred during such separation.

*Passed at Dover, March 23, 1871.*

grounds be sound, it will not be necessary to inquire into the sufficiency or insufficiency of either of the pleas demurred to; for the preceding inquiry, just before mentioned, into the soundness or unsoundness of the defendants' grounds for totally denying the plaintiff's right of action in this case, is preliminary to it necessarily, and, if found in favor of the defendants, must be fatal to the plaintiff's right of action on the demurrer.

And, first, I think the exception is well taken that the statute of the 16th of April, 1885, is not to have any retrospective operation or effect, in the absence of any indication in the terms of it that such was the intention of the legislature in enacting it, by the construction of this or any other court, according to what I consider to be the well-settled principle of the law on that subject, both in this and the other states of this country; and therefore, not having been enacted, or retrospectively in force or effect, on the 23d day of February in that year, when the alleged libel was published, and the alleged cause of action in this case accrued to the plaintiff against the defendants, as a married woman she possessed under the laws and statutes of the state, as they then stood, no power whatever to sue in her name the defendants for the publication of it, nor afterwards, under the said statute enacted on the 16th day of April, in that year, according to the true intent and meaning and proper judicial construction of it. Nor could she, I think, on the authority of the ruling in the case of *Tibbs v. Brown*, cited in the argument of the counsel for the defendants, from 2 Grant, Cas. 39, then or afterwards have jointly sued them with her husband, because it is admitted by the plaintiff, as before mentioned, that the publication of the said alleged libel was made by the defendants at the instance of her husband; in which case it was held by the court that where the husband originated the slanderous reports against his wife, jointly sued for by them, that they could not maintain the action in their joint names, nor could the wife sue in her own name alone for the injury complained of; for it is impossible to allow that one can join in the commission of an

injury, or lead others to commit it, and then become a party plaintiff in claiming compensation for it from those whom he has misled. The act of April 16, 1885, does not enlarge or extend the plaintiff's right of action as a married woman by any retroactive operation or effect, clearly expressed or implied in any of the terms of it, and it does not empower her to sue in a case where neither her husband alone, nor the two jointly as husband and wife, could sue before; for this involves, not the remedy merely, but the right of action also. *Abbott v. Abbott,* 67 Me., 304.; *Libby v. Berry,* 74 Me., 286. This more particularly applies to the second ground of objection taken by the defendants on the demurrer to the third plea to the right of the plaintiff to maintain the action. Nor can the demurrer to that plea be sustained on the ground assigned for it,—that it fails to allege, as in the second plea, that the alleged libel was true; for although fatally defective as a plea on that ground, and no evidence could be given under it of the truth of the alleged libel, for the want of such an allegation, in a civil action founded on the second section of the act of March 4, 1857, (Rev. Code, 654,) the deficiency of it in any respect is immaterial, in the consideration and decision of the demurrer to it, if it appears to the satisfaction of the court, on an examination of the whole report in the case, that the plaintiff cannot maintain the action in it. I am therefore of the opinion that both of the demurrers to the plea of the defendants must be overruled.